UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25bk13020 |
| | ) | |
| JAF, Ltd., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO DANNY PAPAVASILIOU AND VELLIOS ACCOUNTING,
ACCOUNTANT FOR DEBTOR, FOR ALLOWANCE AND PAYMENT OF <u>FINAL</u>
COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 9,000.00 | TOTAL COSTS REQUESTED: | $ 0.00 |
| TOTAL FEES REDUCED: | $ 1,650.00 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 7,350.00 | TOTAL COSTS ALLOWED: | $ 0.00 |

TOTAL FEES AND COSTS ALLOWED: $7,350.00

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(1)     <u>Improper Time Increments for Billing – TOTAL of disallowed amounts: $0</u>

The court may impose a ten percent penalty for using improper time increments for billing. "Professional persons . . . cannot, in all honesty and reasonableness, charge their clients for increments in excess of one-tenth of an hour." *In re Wildman*, 72 B.R. 700, 726 (Bankr. N.D. Ill. 1987) (Schmetterer, J.). This penalty will be imposed where time increments larger than one-tenth of an hour are being used. For example, applicants who bill time using quarter-hour increments risk the ten percent penalty.
Despite the use of improper time increments for billing, the court has elected not to impose a penalty with respect to the affected time entries and as such, the time entries affected by improper increments are not highlighted in the attached time entries.

(2)     <u>Duplication of Services – TOTAL of disallowed amounts: $1,650.00</u>

The court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Reduction in fees is warranted if multiple attorneys from the same firm appear in court on a motion or argument or for a conference, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary."). It is also an accepted principle that generally no more

than one attorney may bill for time spent in an intra-office conference or meeting absent an adequate explanation. *See In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991) (Sonderby, J.); *In re Pettibone*, 74 B.R. at 303; *But see In re MEP Infrastructure Sols., Inc.*, 654 B.R. 922, 925 (Bankr. N.D. Ill. 2023) (Goldgar, J.) (incorrectly citing *In re Stainless Sales Corp.*, Case No. 17 B 3148, 2017 WL 2829675, at *2 (Bankr. N.D. Ill. June 27, 2017) (Barnes, J.) for the proposition that intra-office meetings between multiple lawyers are never compensable when *Stainless* cites to *Pettibone* for the foregoing—that an application must "adequately demonstrate[] that each attorney present contributed in some meaningful way" and thus satisfy 11 U.S.C. § 330(a)(3)(D) by demonstrating that the meeting is "necessary" or "beneficial" and must have taken a "reasonable amount of time.").

As the overall majority of services in the attached time entries are attributed to Matt Garcia, the court denies the allowance of compensation for the attached time entries attributed to Danny Papavasiliou for services also attributed to Matt Garcia without adequate demonstration that both professionals contributed in a meaningful way.

Dated: March 24, 2026

_____
Timothy A. Barnes, Judge
United States Bankruptcy Court

| Date | Time spent by Matt Garcia | Time Spend by Danny Papavasiliou | | Descibtion of Services |
|---|---|---|---|---|
| 9/4/2025 | 1.0 | | 0.0 | Download PDF statements, upload transactions into software, begin categorizing of transactions |
| 9/5/2025 | 1.0 | | 0.0 | Continued catagorizing transactions |
| 9/11/2025 | 1.0 | | 0.0 | Finished catagorizing transactions |
| 9/12/2025 | 1.0 | | 0.0 | Phone call with client about BKY situation, what additional services are required beyond original scope of work; complete bank reconciliations |
| 9/13/2025 | 1.0 | (2) | 1.0 | Partner phone call with client to discuss transactins |
| 9/18/2025 | 1.0 | | 0.0 | Initial Review of Form 425C, review questionnaire items and send email to client about responses to questionnaire |
| 9/19/2025 | 1.0 | | 0.0 | Complete financial statement package |
| 10/10/2025 | 1.0 | | 0.0 | Download PDF statements, upload transactions into software, begin categorizing of transactions |
| 10/14/2025 | 3.0 | | 0.0 | Lengthy phone call with client and client's assistant on the Monthly Operating Report requirements, questionnaire items, first correspondence with law firm regarding aforementioned Monthly Operating Report |
| 10/15/2025 | 2.0 | | 0.0 | Complete September transaction categorizations, bank reconciliations, financial statement package prep and delivery |
| 10/17/2025 | 1.0 | | 0.0 | Prepared Form 425C beyond questionnaire items, send to client' assistant to review |
| 10/20/2025 | 2.0 | (2) | 1.0 | Receive feedback from client's assistant and law firm about changes needed; implement discussed changes and deliver final version of Form 425C; Partner review and correspondence |
| 11/10/2025 | 1.0 | | 0.0 | Download PDF statements, Upload transactions into software, begin categorizing transactions |
| 11/11/2025 | 2.0 | | 0.0 | More transaction categorizations; phone call and email correspondence with client |
| 11/13/2025 | 3.0 | (2) | 0.5 | Throuough internal audit of year 2025 to identify what bill payments can and cannot continue during BKY process (guidance from law firm + Partner correspondence); Staff call with client regarding sales tax |
| 11/14/2025 | 2.0 | | 0.0 | Completion of transaction categorizations, bank reconciliations, financial statement package |
| 11/17/2025 | 1.0 | | 0.0 | 425C data calculations and entry |
| 11/20/2025 | 3.0 | (2) | 0.5 | Phone call with client; client request details for 3-year projections for business; prior financial data export from software, formatting, discuss formulas with Partner; projection completion and delivery |
| 12/11/2025 | 2.0 | | 0.0 | Download PDF statements, Upload transactions into software, begin categorizing transactions; prior year comparative analysis to look for year-over-year discrepancies in prep for FY 2025 books close |
| 12/12/2025 | 2.0 | | 0.0 | Complete comparative analysis, complete transactions categorizations, complete bank reconciliations, complete financial statement prep |
| 12/18/2025 | 2.0 | | 0.0 | Review previous 425C and enter and calculate data into new 425C; review trends in projection disrecpancies |
| 12/19/2025 | 2.0 | (2) | 1.0 | Partner correspondence with client; 425C delivery |
| 1/13/2026 | 2.0 | | 0.0 | Download PDF statements, Upload transactions into software, begin categorizing transactions; |
| 1/14/2026 | 1.0 | | 0.0 | Complete transactions categorizations, complete bank reconciliations, complete financial statement prep |
| 1/18/2026 | 1.0 | | 0.0 | Review previous 425C and enter and calculate data into new 425C; review trends in projection disrecpancies |
| 1/19/2026 | 2.0 | (2) | 1.0 | Partner review; 425C delivery |
| 1/25/2026 | 1.0 | | 0.0 | Begin 2025 tax prep |
| Total Hours | 43.0 | | 5.0 | |
| Total Cost | $ 7,525.00 | $ | 1,650.00 | |